FONT *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Aguadilla.

No. 2.—Decided April 3, 1906.

ALIENATION OF PROPERTY OF MINORS.—In accordance with the provisions of the laws in force in the year 1845, parents might sell for good cause the properties acquired with the inherited funds of their children, of whom they had the custody, without the necessity of judicial authorization, although subject to an obligation, which the law imposed upon them, to restore to their children the value of the property sold for the fulfillment of which obligation their own property stood mortgaged by implication as security.

OBLIGATIONS—CONDITIONS SUBSEQUENT.—Conditions subsequent do not remove the necessity of compliance with the obligations to which they refer, but this must be understood to be without prejudice to the effects of the performance.

Id.—Record of Titles—Compliance With a Condition Subsequent.—Titles which contain obligations subject to the compliance with a condition subsequent are recordable without prejudice to the performance of the contract after compliance with the condition imposed, which compliance in any event must be made to appear in the registry by the person seeking the performance of the contract recorded.

Id.—Ratification of Boundaries.—Registrars must require compliance with the provisions of the Mortgage Law in regard to the establishment of the boundaries of real property which may have during a lapse of time been altered in any way, without prejudice to the entry of the record, except where other persons prevent such entry either with or without curable defects as the case may be.

The facts are stated in the opinion.

*Mr. Reichard* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney Arturo Reichard on behalf of Florencio Font del Valle, from a decision of the Registrar of Property of Aguadilla refusing to record a parcel of land.

By public instrument executed in the town of Aguadilla, before Manuel José de Echevarría, a notary public in said town, on June 20, 1845, Dionisio del Valle, of said place, declared that he had assigned to his minor daughter, Eduvigis del Valle, property with which her maternal legal portion was to be paid, which property included a negro called Manuel, a native of Africa, 39 years of age. This slave del Valle had been obliged to sell in order to provide for the necessary expenses of her support, which he had done, however, with the intention of securing his value to his said daughter in a property not perishable, such as the said slave was. This he did by assigning to her 22 *cuerdas* of land belonging to him which he had acquired mostly by purchase from Petronila Labastida and Juan Antonio Ferreri, which land is situated in this town, *barrio* of Boca Hicacos, and is bounded on the west by the slope of the hill, 6 yards above the *maya* at the rear of the lots belonging to Messrs. Schoder, Vicente Quiñones, Casimiro Grajales and others; on the north by the property belonging to Miguel Carvente and Ildefonso

Estebes; on the east by the property of Genaro del Valle, and on the south by a strip of land belonging to himself, upon which he has built a house; it being understood that the entrance and outlet should be free both for his daughter and himself during his lifetime, and under the condition that if the time should arrive for the delivery to his said daughter of her maternal portion, if instead of said land he should desire to deliver to her in cash the amount lacking to make up her maternal portion, she would not have a right of action to demand said land, but only the amount due her.

Eduvigis del Valle having died intestate on April 2, 1874, the Judge of First Instance of Aguadilla, by order of January 20, 1899, declared Florencio Font del Valle, her legitimate son, to be the universal heir of all her property; and the latter having made application to the Registrar of Property of Aguadilla on December 29th last for admission to record in his favor and in his capacity as such heir of his deceased mother, Eduvigis del Valle, of the 22 *cuerdas* of land which her father, Dionisio del Valle, had assigned her by the said deed of June 20, 1845, designating the present adjoining property owners, because the former owners had disposed of the property, the registrar denied the record for the reasons set forth in the decision which he entered at the end of the deed in reference, which reads as follows:

"The requested admission to record of the documents presented is denied on account of the following defects observed therein:

"1. The title upon which the right of the predecessor in interest, Eduvigis del Valle, is based, is not a deed by which ownership is transferred or declared, because her father, Dionisio del Valle, could not, without authority, on account of her being a minor, dispose of what was due her as her maternal portion, by paying or securing its price by an estate which he subjected to a condition subsequent, without any person legally authorized having accepted such contract, or without such contract having been acknowledged and approved in the testamentary proceedings of Dionisio del Valle, which latter document has not been presented.

"2. Dionisio del Valle having died in 1846, sixty years ago, the

affidavits submitted are not sufficient to prove that no sum in money but the land was delivered, because all the signers would have to be over that age and prove their right in the estate of Dionisio del Valle, the best evidence thereof being the testamentary proceedings relating to the latter in which the delivery should have been made.

"3. The estate described in the deed is not identified as the one described in the application for record, which describes a lot fronting on· Carnicería street, on the west, and in the deed this boundary is stated as 6 yards above the *maya*, which stands at the rear of some lots.

"4. From the antecedents in the registry neither the property of Eduvigis del Valle nor Florencio Font appears to adjoin an estate situated in said *barrios;* and of the adjoining owners mentioned in the petition, Juan Molinary and Salomé Rivera, the wife of Antonio Laguer, are the only ones who have their properties recorded, and the records thereof do not mention the former either, but, on the contrary, mention other adjoining owners. This estate, as described, is not recorded in the name of any person whatsoever."

From this decision Attorney Arturo Reichard took this appeal on behalf of Florencio Font del Valle, praying for the reversal of said decision, and that an order issue to the registrar to admit the deed to record, with costs.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

With regard to the first ground alleged by the registrar in his decision refusing to admit the deed in question to record, in accordance with the laws in force at the time the said deed was executed, parents could, for good cause, sell property belonging to the adventitious estate of the children whom they had under their parental authority, without the necessity of a judicial decree or authorization, although without prejudice to the obligation imposed upon them by the law to reimburse their children for the value of the property sold, for which liability their own property became impliedly mortgaged; wherefore, Dionisio del Valle, upon selling the slave Manuel, who had been awarded to his minor daughter Eduvigis in part payment of her maternal portion, and in assigning to her in the place of the slave sold the 22 *cuerdas* of land to

which the deed refers, did not perform a void act, but, on the contrary, a perfectly valid and legal one.

With regard to the subsequent condition imposed by Dionisio del Valle in the said deed, which constitutes another of the grounds alleged by the registrar for refusing to admit it to record, conditions of this character do not suspend the performance of the obligations to which they refer, without prejudice to the effects of the performance, as provided by article 1113 of the former Civil Code, the equivalent of section 1080 of the Code in force; and, consequently, deeds which contain obligations subject to the performance of a condition subsequent may perfectly well be recorded in the registry of property, without prejudice to the fulfillment of the contract upon the performance of the condition imposed, which performance must in every case be recorded in the registry by the person interested in the fulfillment of the contract recorded.

For the correction of the old boundaries of real property which may have undergone some change by the lapse of time, the Mortgage Law establishes a number of methods, among them an additional memorandum signed by the adjoining owners, which requisite, if not complied with by the persons interested, must be required by the registrar, without refusing to make the record, except on other grounds, with or without a curable defect, as the case may be.

In view of the provisions of Law 24, title 13, *partida* 5; and section 1080 of the Revised Civil Code and article 16 of the Mortgage Law in force, the decision of the Registrar of Property of Aguadilla, entered at the end of the deed in question denying its admission to record, is reversed, and it is held that said instrument is subject to record, it being ordered that the registrar record it in the proper form; and he is admonished to enter hereafter the cautionary notice prescribed by the law providing for appeals from decisions of registrars of property in cases in which admission to

record is denied; and it is ordered that the documents presented be returned to the registrar with a certified copy of this decision, for compliance therewith, and other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.